# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSUÉ E. APONTE-RAMOS,<br><br>**Petitioner,**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Respondent.** | **Civil No.** 16-2292 (FAB)<br>related to<br>**Criminal No.** 13-294 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is Josué E. Aponte-Ramos' ("Petitioner" or "Aponte-Ramos") *pro-se* motion to vacate, set aside, or correct sentence in Criminal Case No. 13-294 pursuant to 28 U.S.C. § 2255 ("section 2255"), and the Federal Public Defender's Supplemental Brief in Support of Petitioner' Section 2255 Motion. (Civil Docket Nos. 1 and 9.) For the reasons set forth below, the Court finds that Petitioner's motion to vacate his sentence and the Federal Public Defender's Supplemental Brief must be **DENIED**. Petitioner's request for an evidentiary hearing is also **DENIED**.

I.  BACKGROUND

On March 18, 2015, Aponte-Ramos was charged in three counts of a Superseding Indictment. (Criminal Case No. 13-294, Docket No. 71.) Count One (1) charged: "On or about August 27, 2012, in the District of Puerto Rico and within the jurisdiction of this

Court, Josué E. Aponte-Ramos, the defendant herein, aiding and abetting Miguel A. Sánchez-Rivera, took a motor vehicle that had been transported, shipped and received in interstate or foreign commerce, from the person or presence of L.R.Q. by force, violence and intimidation, with the intent to cause death and seriously bodily harm." All in violation of 18 U.S.C. §§ 2119(1) and 2. (Criminal Case No. 13-294, Docket No. 71 at p. 1.)

Count Two (2) charged: "On or about August 27, 2012, in the District of Puerto Rico and within the Jurisdiction of this Court, Josué E. Aponte-Ramos, the defendant herein, aiding and abetting Miguel A. Sánchez-Rivera, did knowingly brandish, carry and use a firearm, that is, a black revolver of unknown brand and caliber during and in relation to a crime of violence, as charged in COUNT ONE of this Indictment, which may be prosecuted in a Court of the United States". All in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (Criminal Case No. 13-294, Docket No. 71 at p. 2.)

Count Three (3) charged: "From on or about December 24, 2011, to on or about August 27, 2012, in the District of Puerto Rico and within the jurisdiction of this Court, Josué E. Aponte-Ramos, the defendant herein, having been convicted in court of a crime punishable by imprisonment for a term exceeding one (1) year, did unlawfully possess in and affecting interstate or foreign commerce, a firearm and ammunition, as those terms are defined in

Title 18, United States Code, § 921(a)(3) and (17)(A) respectively, that is, a black revolver of unknown brand and caliber, loaded with an unknown amount of rounds of ammunition." All in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Case No. 13-294, Docket No. 71 at p. 2.)

On May 26, 2015, Aponte-Ramos pled guilty to Counts One and Two. (Criminal Case No. 13-294, Docket No. 90.) As part of the plea agreement, Aponte-Ramos and the government agreed to a total offense level of 19 for Count One. (Criminal Case No. 13-294, Docket No. 91 at p. 5.) Although the parties did not stipulate as to any Criminal History Category, they agreed to recommend a term of imprisonment equal to the lower end of the applicable Guideline range. Id. As to Count Two, the parties agreed to recommend a consecutive term of imprisonment of 84 months. Id.

On August 20, 2015, the Probation Officer disclosed an Amended Presentence Report ("PSR") which provided for a total offense level of 23 and a criminal history score of 4 points, which corresponded to a criminal history category of III. (Criminal Case No. 13-294, Docket No. 94 at p. 8.) Based on these quantities, the PSR called for a guideline imprisonment range of 57-71 months of imprisonment for Count 1 and the mandatory minimum sentence of 84 months of imprisonment for Count 2. (Criminal Case No. 13-294, Docket No. 94 at p. 13.) The PSR indicated that Aponte-Ramos' four criminal

history points corresponded to previous sentences stemming from the same arrest[1] pursuant to U.S.S.G. §§ 4A1.1(a) and (e). Id. The previous sentences set forth in the PSR corresponded to three robbery convictions in Violation of Art. 173 of the Puerto Rico Penal Code[2] and one conviction of Unlawful Possession of a Firearm in violation of the Puerto Rico Weapons Law.[3] The PSR indicated that, according to official court documents: (1) "on August 9, 2003, in Caguas, Puerto Rico, the defendant Josué E. Aponte Ramos used violence and intimidation took a 2002 white Toyota Echo, a women's purse, a Nokia cellular telephone, property of Linda González Candelario" and (2) "on August 3, 2003, in Río Piedras, Puerto Rico the defendant used a revolver to commit a robbery of a 2000 white Toyota Echo, $128, a cellular telephone and personal documents, property of Guillermo Parrilla Bonilla." Id.

On August 27, 2015, the Court sentenced Aponte-Ramos to 71 months of imprisonment for count one and 84 months of imprisonment for count two, to be served consecutively to each other, for a total of 155 months of imprisonment, followed by 3 years of

---

[1] The date of arrest was 09/10/2003. (Criminal Case No. 13-294, Docket No. 94 at p. 8.)

[2] Aponte-Ramos was sentenced to 12 years of imprisonment as to each charge, to be served concurrently with each other.

[3] Aponte-Ramos was sentenced to 12 years of imprisonment, to be served concurrently to the other charges.

supervised release for count one and 5 years for count two, to be served concurrently with each other.[4] (Criminal Case No. 13-294, Docket No. 99.)  Judgment was entered that same day.  (Criminal Case No. 13-294, Docket No. 100.)  Aponte-Ramos did not file an appeal.

On June 28, 2016, Aponte-Ramos filed a *pro-se* Motion Under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Civil Docket No. 1.)  On February 23, 2017, Aponte-Ramos, now represented by the Federal Public Defender, filed a Supplemental Motion in Support of his section 2255 motion.  (Civil Docket No. 9.)  On October 12, 2018, the United States of America ("Respondent" or "the Government") filed a Response in Opposition to the Supplemental Brief in Support of Petitioner's Section 2255 Petition.  (Civil Docket No. 14.)  On February 8, 2019, the Government filed a Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Civil Docket. No. 25.)

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or

---

[4] The Court also imposed a special monetary assessment of $200.00 and restitution of $3,260.00.

correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)). Claims that do not allege constitutional or jurisdictional errors are properly brought under section 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Id.

A motion under section 2255 is not a substitute for a direct appeal. Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016). As a result, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." Id. (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a section 2255

petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless the petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted.  Id.; United States v. Frady, 456 U.S. 152, 167-68 (1982).

### III. DISCUSSION

Aponte-Ramos moves to vacate, set aside or correct his sentence on the following grounds:  (1) his 18 U.S.C. § 924(c) conviction is invalid pursuant to the Supreme Court decision in Johnson v. United States (Johnson II), 576 U.S. ___, 135 S.Ct. 2551 (2015) (Civil Docket Nos. 1 and 9.); (2) he should be resentenced using a Criminal History Category of II (Civil Docket No. 9.); (3) his plea was not voluntary (Civil Docket No. 9.); (4) his sentence is unconstitutional.  (Civil Docket No. 9.)

**A.     Claim as to Johnson v. United States (Johnson II), 576 U.S. ___, 135 S.Ct. 2551 (2015)**

The Federal Public Defender (FPD) moves to supplement petitioner's section 2255 motion supporting Aponte-Ramos' argument that his section 924(c) conviction should be vacated pursuant to Johnson v. United States (Johnson II), 576 U.S. ___, 135 S.Ct. 2551 (2015). (Civil Docket No. 9 at pp. 1-14.) In the supplemental motion, Aponte-Ramos avers that Johnson II, which struck down the residual clause of the Armed Career Criminal Act ("ACCA") due to

vagueness, invalidates the similarly worded residual clause of section 924(c)(3)(B). (Civil Docket No. 9 at pp. 1-8.) Aponte-Ramos argues that the "crime of violence" charge, alongside the section 924(c) violation -aiding and abetting carjacking- fails to categorically qualify as a crime of violence under the statute's "force clause," 18 U.S.C. § 924(c)(3)(A). (Civil Docket No. 9 at pp. 8-14.) Aponte-Ramos claims that without 924(c)'s residual clause, he is not guilty of Count Two and his conviction and sentence on that count must be vacated. Id. In addition, Aponte-Ramos claims that he is entitled to a new sentencing hearing where he should be resentenced using a reduced criminal history category of II. (Civil Docket No. 9 at p. 14-20.)

In Johnson II, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson II, 576 U.S. at __, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for defendants with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against

the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).  The underlined portion is known as the ACCA's "residual clause."  The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate."  <u>Id.</u>  On April 18, 2016, the Supreme Court determined that <u>Johnson II</u> announced a new substantive rule that applies retroactively to cases on collateral review.  <u>Welch v. United States</u>, 578 U.S. __, 136 S.Ct. 1257 (2016).

Section 924(c)(1)(A), pursuant to which petitioner was convicted, prohibits the possession of a firearm in furtherance of a "crime of violence" or a drug trafficking crime.  Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and - (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B).  The first of these two clauses is referred to as the "force clause."  <u>See</u> <u>United States v. Rose</u>, 896 F. 3d 104, 106 (1st Cir. 2018).  The second is known as the "residual clause."  <u>Id.</u>  Petitioner was

convicted and sentenced under the provision of 18 U.S.C. § 924(c) that pertains to the use of a firearm during and in relation to a carjacking.[5]

In Johnson v. United States (Johnson I), 559 U.S. 133 (2010), the Supreme Court held that to qualify as a "crime of violence" under the force clause, an offense must have as an element the use, attempted use, or threatened use of a violent physical force "that is, force capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 140 (2010). On September 14, 2018, the First Circuit Court of Appeals held that the federal offense of carjacking categorically qualifies as crime of violence under the force clause of section 924(c). United States v. Cruz-Rivera, 904 F.3d 63, 66-67 (1st Cir. 2018). Other circuits to confront the question after Johnson I have also concluded that carjacking qualifies as a crime of violence. See United States v. Gutiérrez, 876 F.3d 1254, 1257 (9th Cir. 2017); United States v. Evans, 848 F.3d 242, 247–48 (4th Cir. 2017); United States v. Jones, 854 F.3d 737, 740-41 (5th Cir. 2017); Ovalles v. United States, 861 F.3d 1257, 1267-69 (11th Cir. 2017).

---

[5] Section 2119 defines carjacking as follows:  Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall--- . . . 18 U.S.C. § 2119.

Accordingly, the offense of carjacking in violation of 18 U.S.C. § 2119 for which Aponte-Ramos was convicted and sentenced is categorically a "crime of violence" under the force clause of section 924(c)(3)(A). As neither petitioner's conviction nor sentence rest upon the residual clause of section 924(c)(3)(B), Johnson II is inapplicable to the circumstances of his case. Therefore, petitioner's claim seeking his conviction and sentence as to Count Two be vacated under Johnson II is **DENIED**.

**B.   Claim of incorrect Criminal History Category.**

The FPD's Supplemental Brief, besides supporting petitioner's section 2255 motion, raises a claim of improperly imposed sentencing enhancement. Aponte-Ramos claims that he is entitled to a new sentencing hearing to be resentenced using a reduced criminal history category of II instead of III. (Civil Docket No. 9 at pp. 14-16.) Aponte-Ramos argues that Johnson II, which struck down the residual clause of the ACCA due to vagueness, invalidates the similarly worded residual clause of the Sentencing Guidelines. Id. He asserts that absent this clause his prior Puerto Rico robbery conviction would not have received any criminal history point under U.S.S.G. § 4A1.1(e), reducing his criminal history score to 3 and placing him in a criminal history category of II. Id. In addition, petitioner argues that he was improperly subjected to the career offender enhancement, U.S.S.G. 4B1.1(a),

because his prior Puerto Rico convictions were for robbery and robbery pursuant to Puerto Rico law do not qualify as "crimes of violence" under Guidelines § 4A1.1(e).  Id.

Petitioner did not file an appeal and thus, this claim of improperly imposed sentencing enhancement is raised here for the first time.  Section 2255 motions have exhaustion requirements and previously appealing an issue raised collaterally is one of them.  See Pinillos v. United States, 990 F. Supp. 2d 83, 100 (D.P.R. 2013).  A petitioner may only overcome a procedural default if he can demonstrate cause and actual prejudice or that he is actually innocent.  Id.  A review of the record reflects that petitioner's claim that his sentence enhancement was improperly imposed is unfounded and therefore, he has failed to overcome procedural default.

At the time of Aponte-Ramos' sentencing, the Sentencing Guidelines defined a "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that— (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling arson, or extortion, involves use or explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2015).

Article 173 of the Puerto Rico Penal Code, in effect at the time of Aponte-Ramos' robbery convictions, provided:

> Every person who unlawfully appropriates for himself personal property belonging to another, whether taking them from his person or from the person having possession thereof, or in his immediate presence and against his will, by means of violence or intimidation, shall be punishable [in accordance with the remainder of the statute].

P.R. Laws Ann. tit 33, § 4279. In People v. Batista Montañez, 113 P.R.R. 401 (1982), the Puerto Rico Supreme Court revisited their previous holding on robbery's violence or intimidation and ruled "that '[a]ny use of force or aggression which has or may have the effect of forcing a person to give up his property . . . is sufficient to constitute the force' required by [the robbery statute].' Id. (citation omitted). That ruling broadened the violence-or-intimidation element of the robbery statute beyond the generic physical force element used in the guidelines." United States v. Castro-Vázquez, 176 F. Supp.3d 13 (2016).

The Supreme Court, however, in Stokeling v. United States, 586 U.S. __ (2019), a case involving a Florida robbery statute, held that a robbery offense that has as an element the use of force sufficient to overcome a victim's resistance, necessitates the use of "physical force" within the meaning of the "elements clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i). Stokeling, Slip Opinion, at pp. 3-12. Construing the language of the elements clause and its opinion in

Johnson I, the Supreme Court concluded "that the elements clause encompasses robbery offenses that require the criminal to overcome the victim's resistance.". Stokeling, Slip Opinion, at p. 3. The Supreme Court clarified its definition of "physical force" by accepting the widely accepted definitions of robbery among the States, a significant majority of which defined "nonaggravated robbery as requiring force that overcomes a victim's resistance." Stokeling, Slip Opinion, at p. 7. The Supreme Court held that "physical force," or "force capable of causing physical pain or injury," Johnson I, 559 U.S., at 140, includes the amount of force necessary to overcomes a victim's resistance and thus, concluded that robbery under Florida law qualifies as a ACCA-predicate offense of the elements clause.[6] Stokeling, Slip Opinion, at pp. 12-13.

Accordingly, Puerto Rico Supreme Court's ruling on "force" - any use of force or aggression which has or may have the effect of forcing a person to give up his property is sufficient to constitute the force required by the robbery statute - is consistent with the definition of "physical force" within the meaning of the "elements clause" of the ACCA. Therefore, robbery under Puerto Rico law qualifies as an ACCA-predicate offense under

---

[6] "[T]he Florida Supreme Court has made clear that the robbery statute requires 'resistance by the victim that is overcome by the physical force of the offender'." Stokeling at p. 13 (citing Robinson v. State, 692 So. 2d 883, 886.)

the elements clause and thus, Aponte-Ramos' claim of incorrect criminal history category is meritless.

**C.  Claim of involuntary guilty plea.**

Petitioner claims that his plea was not voluntary because he was "scared into pleading guilty to possession of a weapon." (Civil Docket No. 1 at p. 5.)  Petitioner avers that he "never had constructive possession of any weapon". Id.

Petitioner has procedurally defaulted his involuntary plea allegation by failing to raise it on appeal.  In addition, the record contradicts petitioner's contentions and thus, he has failed to overcome procedural default.  First, the plea agreement states that Aponte-Ramos "acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty." (Criminal No. 13-294, Docket No. 91 at p. 9.)  Second, at the change of plea hearing Aponte-Ramos stated under oath that no one had attempted in any way to force him to sign the plea agreement, that no one had made any promise or assurance to him of any kind in an effort to induce him to sign the plea agreement and, that he was pleading guilty of his own free will because he was guilty. (Criminal Case No. 13-294, Docket No. 107 at pp. 13-14.)  Third, at the Change of Plea hearing the Court went thoroughly over the two counts he was pleading guilty to:

> THE COURT: The plea agreement is ordered filed and taken under advisement to be considered by the Court in sentencing.
>
> Mr. Aponte, you're charged in Count One that on August 27, 2012, here in Puerto Rico, you and another co-defendant, aiding and abetting each other, took a 2009 Toyota Yaris, with Puerto Rico license plate HJT-043, Vehicle Identification Number JTB -- JTDBT923291310170, a car that had been transported, shipped and received in interstate or foreign commerce, from the person or in the presence of an individual by the name of L.R.Q. by force, violence and intimidation, with the intent to cause death and serious bodily harm.
>
> As to Count One, is that what you did?
>
> THE DEFENDANT: Yes.
>
> THE COURT: . . . Now, as to Count Two, you're charged that on or about August 27, 2012, here in Puerto Rico, **you** and other co-defendant, aiding and abetting each other, **did knowingly brandish, carried and used a firearm, a black revolver of unknown brand, brand and caliber, during and in relation to a crime of violence, as charged in Count One**, which may be prosecuted in a Court of the United States.
>
> As to Count Two, Mr. Aponte, is that what you did?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is that what you're pleading guilty to?
>
> THE DEFENDANT: Yes.

(Criminal Case No. 13-294, Docket No. 107 at pp. 14-15.) (emphasis ours)

Aponte-Ramos represented to the Court that he was pleading guilty knowingly and voluntarily. At no time during the change of plea hearing did Aponte-Ramos give any indication that

he was being threatened or coerced into pleading guilty. Quite the contrary, he admitted to every element of the offenses charged and did so in an intelligent and voluntary manner, with full knowledge of the consequences of his guilty plea. (Criminal Case No. 13-294, Docket No. 107 at p. 20.) Therefore, petitioner's claim that he was "scared into pleading guilty to possession of a weapon" is meritless.

### D. Claim of unconstitutional sentence

Petitioner claims that his sentence was "unconstitutional" and the only specific contention he indicates is that his sentences should run concurrently instead of consecutively. (Civil Docket No. 1 at p. 5.) Petitioner provides no other support for this claim. (Civil Docket No. 1.)

The Court recognizes that *pro-se* litigants are entitled to a liberal construction of their pleadings which are held to less stringent standards than formal pleadings drafted by lawyers. Nevertheless, while *pro-se* litigants are held to less stringent standards, their motions must meet certain fundamental requirements. See United States v. Nishnianidze, 342 F.3d 6, 18 (1st Cir. 2003). Specifically, all petitioners have the obligation of explicitly spelling out their arguments, because "it is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature

for the argument, and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Issues that are "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Id.

Because petitioner barely provides any support for his "unconstitutional" sentence claim, it is impossible to decipher what he is requesting or alleging. In addition, petitioner's only specific contention about his sentence – that his sentences should run concurrently instead of consecutively – is contrary to the law and the plea agreement. Due to this lack of development, petitioner's claim that his sentence is unconstitutional is rejected.

## IV. CONCLUSION

For the reasons stated, petitioner Josué Aponte-Ramos' Motion under 28 U.S.C. § 2255 (Civil Docket No. 1) and Supplemental Brief (Civil Docket No. 9) are **DENIED**. This case is **DISMISSED with prejudice**. Judgment shall be entered accordingly. Petitioner's request for an evidentiary hearing is **DENIED**.

If petitioner files a notice of appeal, no certificate of appealability shall issue because he has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 19, 2019.

                                            <u>s/ Francisco A. Besosa</u>
                                            FRANCISCO A. BESOSA
                                            UNITED STATES DISTRICT JUDGE